IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DONNIE G RUBELL | § | |
| | § | |
| V | § | CIVIL CASE NUMBER: |
| | § | |
| GENERAL DYNAMICS CORP, | § | 7:10-CV-00176-O |
| PACIFIC EMPLOYERS INSURANCE/ | § | |
| CIGNA INSURANCE OF TEXAS, | § | |
| AND TEXAS DEPARTMENT OF | § | |
| INSURANCE DIVISION OF WORKERS | § | |
| COMPENSATION | § | |

## FINDINGS AND RECOMMENDATION

On this 20th day of January, 2011, came on to be considered the Motions to Dismiss (Docket Nos. 10 and 11) filed by Defendants General Dynamics Corporation (General Dynamics) and Pacific Employers Insurance/CIGNA Insurance of Texas (Pacific). By order of the District Court this case was referred to the undersigned for pre-trial management which includes the review of all pre-trial motions including, as to dispositive motions, the making of findings and recommendations. More than 20 days have expired since the filing of the motions and no responsive pleading has been filed. Accordingly, under Local Rule 7.1(e) the motions are ripe for consideration and determination.

By his suit the *pro se* Plaintiff Rubell seeks to challenge an adverse determination of his worker's compensation claim made by the Worker's Compensation Division of the Texas Department of Insurance (Agency). For this purpose he has sued: General Dynamics, his former employer; Pacific, General Dynamics' workers compensation insurance carrier; and the Agency, which made the initial adjudication of his claim. Leave to proceed *in forma pauperis* has been granted. (Docket No. 5).

By their motions to dismiss General Dynamics and Pacific urge the Court under Rule 12(b)(1) to dismiss the case for want of subject matter jurisdiction claiming that no federal question is involved and complete diversity is lacking.

Although it is unusual to find a worker's compensation case filed in Federal Court because it is a state statutory action, the court does have subject matter jurisdiction so long as complete diversity and the requisite amount in controversy are established. *Horton v. Liberty Mutual*, 367 U. S. 348 (1961). The requisites for diversity jurisdiction of this court are found in 28 U.S.C. §1332 and in Supreme Court rulings. Both General Dynamics and Pacific assert that complete diversity is lacking for several reasons; first, because Plaintiff has alleged that the principal place of business of General Dynamics is in Texas (the state of Plaintiff's citizenship); second, because under subsection (c) (1) of §1332, Pacific is deemed to be a citizen of Texas; and third, because the Agency is a Texas citizen as well.

Diversity jurisdiction requires that the plaintiffs and the defendants be completely diverse. 28 U.S.C. §1332. Plaintiffs and defendants must be citizens of different states. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197-198, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). Complete diversity is required. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Complete diversity exists if no plaintiff is a citizen of the same state as any defendant. Complete diversity of citizenship must exist at the time the action is commenced, which, pursuant to Rule 3, is the time the complaint is filed.

In paragraph 1 of Plaintiff's Complaint he alleges that he is a resident of Wichita Falls, Texas. In paragraph 2 of Plaintiff's complaint he states that "Defendant(General Dynamics Corporation) with its principal office and place of business in the City of Fort Worth, Texas..." Under subsection (c)(1) of 28 U.S.C.§1332 a corporation is deemed to be a citizen of the state

where it has its principal place of business as well as the state of its incorporation. Thus Plaintiff has alleged that both he and General Dynamics are citizens of the state of Texas. Therefore, complete diversity does not exist.

Furthermore, I find that the Workers Compensation Division of the Insurance Department, being an arm of the State of Texas, is not only immune from suit under the Eleventh Amendment, but is also not diverse in citizenship to the Plaintiff.

Pacific urges that under a proviso contained in subsection (c)(1) of §1332 it is deemed to be a citizen of Texas since it is the insurer on a worker's compensation insurance policy for General Dynamics, its insured. Indeed, Plaintiff alleges in paragraph 5 of his own complaint that Pacific was the worker's compensation insurance carrier for General Dynamics. Thus, this is a direct action by an injured person (Plaintiff) against an insurer (Pacific) on a policy of insurance. *Hernandez v. Travelers,* 489 F. 2d 721 (5th Cir. 1974). Under subsection (c)(1) of §1332, in any direct action against the insurer of a policy of liability insurance *to which action the insured is not joined as a party-defendant*, such insurer shall be deemed to be a citizen of the State of which the insured is a citizen. In this case, General Dynamics, the insured, <u>has been joined</u> as a party-defendant. Thus the proviso provision deeming the insured to be a citizen of the state of which the insured is a citizen does not appear to apply. Being mindful of the 5th Circuit's own admonition in *Hernandez* that "when the language of a congressional act is plain and specific, courts have no more license to shorten the reach of the act than to lengthen it," I conclude that the condition to the application of the deeming proviso has been negated and the proviso does not apply. Hence, Pacific is not deemed to be a citizen of Texas. That being said, since the lack of diversity of citizenship still exists between both General Dynamics and the Agency on the one hand and the Plaintiff on the other, the issue of whether Pacific is or is not deemed a citizen of

Texas is immaterial to the recommendation in this case.

Finally, as a result of these findings, there is no necessity to address Pacific's or General Dynamic's further grounds for dismissal based on improper venue.

Based upon all of the foregoing, I recommend that the District Court grant the motions to dismiss of General Dynamics and Pacific and dismiss Plaintiff's suit without prejudice.

It is so ORDERED, this 20th day of January, 2011.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).